**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LONZELL ALBERT HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02386-TLP-cgc |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Lonzell Albert Hunter sued many Defendants including the State of Tennessee, the British Royal Family, Le Bonheur Children's Hospital, Memphis City Schools, and the Alawi Dynasty for civil rights violations. (ECF No. 2.) This Court referred the case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters because Hunter is a pro se plaintiff. *See* Admin. Order No. 2013-05. Because Plaintiff is also proceeding in forma pauperis, Judge Claxton screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") in July 2026. (ECF No. 7.) Judge Claxton's R&R recommends dismissing the Complaint and denying Plaintiff leave to proceed in forma pauperis on appeal. (*Id.* at PageID 7.) Plaintiff did not object. For the reasons below, the Court **ADOPTS** the R&R.

**BACKGROUND AND THE R&R**

Judge Claxton accurately described the Complaint. (ECF No. 7. at PageID 23.) Plaintiff claims that many States, divisions of Memphis City Government, and the Federal Bureau of

Investigation coordinated with the "fraudulent royal families of the world" to "hold[] his soul/creation." (ECF No. 2 at PageID 7 (cleaned up).) Because of this, he alleges that:

> [t]he civil rights violations are as follows; Equal rights under the laws of the United States, intentional discrimination in employment, personal property rights of citizens, slavery, rights to a fair trial, unsafe and unsanitary housing, deprivation of rights, and obstruction of justice. The RICO ACT violations are included in the complaint alleging, embezzlement, blackmail, murder-for-hire, bribery, extortion, and victim tampering.

(*Id.* at PageID 3.) Plaintiff seeks "restitution for damages in excess of 500,000,000,000$." (*Id.* at PageID 13.)

Judge Claxton recommends that the Court dismiss the Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim under § 1915(e)(2)(B)(ii). (ECF No. 7 at PageID 25.) As she put it, "Plaintiff's complaint does not assert any coherent claim against any person or entity under any colorable legal theory." (*Id*. at PageID 24.) Judge Claxton further recommends that the Court deny Plaintiff leave to appeal in forma pauperis. (*Id.* at PageID 25.) *See* 28 U.S.C. § 1915(a)(3).

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered her R&R on July 6, 2026, notifying Plaintiff that he had fourteen days to object. (ECF No. 7 at PageID 26.) Plaintiff did

not object, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R. Because the Complaint lacks legal or factual support, the Court agrees with Judge Claxton that Plaintiff's complaint is frivolous. And courts, of course, need not entertain a litigant's frivolous accusations during the § 1915(e) screening process. *See, e.g.*, *Huey v. Raymond*, 53 F. App'x 329, 331 (6th Cir. 2002) (explaining that "district court[s] [are] given discretion to refuse to accept without question the truth of plaintiff's allegations that are 'clearly baseless,' a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational" (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)); *see also Burnes v. Clinton*, 238 F.3d 419, at *1 (6th Cir. 2000) (table decision) (affirming dismissal of the case as frivolous when the plaintiff alleged that "[t]hat the named defendants were subjecting her to electronic surveillance, mind-reading, and remote torture"). It follows that there is no good-faith basis for Plaintiff to appeal in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3).

For the reasons above, the Court **ADOPTS** the R&R, **DISMISSES** the Complaint **WITH PREJUDICE**, and **DENIES** leave for Plaintiff to proceed in forma pauperis on appeal.[1]

**SO ORDERED**, this 8th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

[1] If Plaintiff files a notice of appeal, he must pay the full appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within 30 days of entry of this Order. *See* Fed. R. App. P. 24(a)(5).